UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRE BAIZA, | CV F   02-6552 OWW SMS HC |
| Petitioner, | FINDINGS AND RECOMMENDATIONS REGARDING RESPONDENT'S MOTION TO DISMISS |
| v. | |
| GEORGE GALAZA, | [Doc. 38] |
| Respondents. / | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## BACKGROUND

Petitioner is currently in the custody of the California Department of Corrections pursuant to a judgment rendered in Tulare County Superior Court for being a felon in possession of a firearm. (Cal. Pen. Code § 12021(a)(1). The jury found true the special allegations that Petitioner had suffered three prior convictions (two of which were serious convictions within the meaning of California's Three Strikes law) and served two prior prison terms. On August 16, 1999, Petitioner was sentenced to 25 years to life imprisonment.

Petitioner appealed his conviction and sentence. On November 14, 2001, the Fifth District Court of Appeal affirmed Petitioner's conviction, and ordered the abstract of judgment corrected to show that the trial court struck the prior prison term allegations and to reflect the correct presentence credits.

1   While his appeal was pending, Petitioner filed a petition for writ of habeas corpus in the
2   Tulare County Superior Court on April 13, 2000.  The petition was denied on April 19, 2000.
3   On December 21, 2001, Petitioner filed a petition for review in the California Supreme
4   Court.  The court denied the petition on February 13, 2002.
5   On November 1, 2002, Petitioner filed a second petition for writ of habeas corpus in the
6   Tulare County Superior Court.  On November 15, 2002, the petition was denied.
7   On December 11, 2002, Petitioner filed the instant federal petition for writ of habeas
8   corpus.
9   On April 18, 2003, Respondent filed a motion to dismiss the petition based on
10  Petitioner's failure to exhaust his state court remedies.  Petitioner did not file an opposition.
11  On May 13, 2003, the undersigned issued Findings and Recommendations recommending
12  that the motion to dismiss be granted.[1]  (Court Doc. 15.)
13  On June 30, 2003, Petitioner filed a petition for writ of habeas corpus in the Tulare
14  County Superior Court.  The petition was denied on July 10, 2003.  (Respondent's Lodged Item
15  No. 2.)
16  On July 18, 2003, Petitioner filed a request to withdraw the unexhausted claims and
17  indicated that he was in the process of exhausting the claims in the state court.  (Court Doc. 17.)
18  On July 31, 2003, the Court granted Petitioner's request to withdraw the unexhausted
19  claims and granted Petitioner's request to hold the petition in abeyance pending exhaustion at the
20  state court level.[2]  (Court Doc. 18.)
21  On October 24, 2003, Petitioner filed a second petition for writ of habeas corpus in the
22  Tulare County Superior Court.  The petition was denied on October 27, 2003.  (Respondent's

---

[1] The recommendation was adopted in full by the District Judge on July 2, 2003, and Petitioner was directed to inform the Court whether he intended to withdraw the unexhausted claims or the action would be dismissed.  (Court Doc. 16.)

[2] In that order, the Court directed Petitioner to present his unexhausted claim to the California state courts within thirty days from the date the order was served.  (Court Doc. 18.)  Petitioner was further directed to file a status report with the Court one week after the claims were presented to the state court and again within six months from the date of service, explaining what documents had been filed in the state courts, the date they were filed, and any outcomes.  (Id.)  It was further explained that within fifteen days of any ruling by the California Supreme Court, Petitioner must file a copy of the written order in this Court.  (Id.)

Lodged Item No. 3.)

On November 14, 2003, Petitioner filed a third petition for writ of habeas corpus in the Tulare County Superior Court. The petition was denied on November 18, 2003. (Respondent's Lodged Item No. 4.)

On January 13, 2004, Petitioner filed a petition for writ of habeas corpus with the California Court of Appeal, Fifth Appellate District. The petition was denied on January 29, 2004. (Respondent's Lodged Item No. 5.)

On March 19, 2004, Petitioner filed a petition for writ of habeas corpus with the California Supreme Court. The court denied the petition on February 2, 2005. (Respondent's Lodged Item No. 6.)

On May 12, 2005, the Court issued an order lifting the stay and directed Petitioner to file an amended petition. Petitioner filed an amended petition on June 14, 2005. On June 17, 2005, the Court directed Respondent to file a response to the amended petition.

On July 21, 2005, Respondent filed a motion to dismiss the amended petition arguing again that it is a mixed petition containing both exhausted and unexhausted claims. Petitioner filed an opposition on August 16, 2005.

DISCUSSION

A.  Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." The Advisory Committee Notes to Rule 5 of the Rules Governing Section 2254 Cases state that "an alleged failure to exhaust state remedies may be raised by the attorney general, thus avoiding the necessity of a formal answer as to that ground." The Ninth Circuit has referred to a respondent's motion to dismiss on the ground that the petitioner failed to exhaust state remedies as a request for the Court to dismiss under Rule 4 of the Rules Governing Section 2254 Cases. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (1991); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982). Based on the Rules Governing Section 2254

1  Cases and case law, the Court will review Respondent's motion for dismissal pursuant to its
2  authority under Rule 4.
3  B.      Exhaustion of State Remedies
4          A petitioner who is in state custody and wishes to collaterally challenge his conviction by
5  a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1).
6  The exhaustion doctrine is based on comity to the state court and gives the state court the initial
7  opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501
8  U.S. 722, 731, 111 S.Ct. 2546, 2554-55 (1991); Rose v. Lundy, 455 U.S. 509, 518, 102 S.Ct.
9  1198, 1203 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).
10         A petitioner can satisfy the exhaustion requirement by providing the highest state court
11 with a full and fair opportunity to consider each claim before presenting it to the federal court.
12 Picard v. Connor, 404 U.S. 270, 276, 92 S.Ct. 509, 512 (1971); Johnson v. Zenon, 88 F.3d 828,
13 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair
14 opportunity to hear a claim if the petitioner has presented the highest state court with the claim's
15 factual and legal basis. Duncan v. Henry, 513 U.S. 364, 365, 115 S.Ct. 887, 888 (1995) (legal
16 basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis).
17 Additionally, the petitioner must have specifically told the state court that he was raising a
18 federal constitutional claim. Duncan, 513 U.S. at 365-66, 115 S.Ct. at 888; Keating v. Hood, 133
19 F.3d 1240, 1241 (9th Cir.1998). For example, if a petitioner wishes to claim that the trial court
20 violated his due process rights "he must say so, not only in federal court but in state court."
21 Duncan, 513 U.S. at 366, 115 S.Ct. at 888. A general appeal to a constitutional guarantee is
22 insufficient to present the "substance" of such a federal claim to a state court. See Anderson v.
23 Harless, 459 U.S. 4, 7, 103 S.Ct. 276 (1982) (Exhaustion requirement not satisfied circumstance
24 that the "due process ramifications" of an argument might be "self-evident."); Gray v.
25 Netherland, 518 U.S. 152, 162-63, 116 S.Ct. 1074 (1996) ("a claim for relief in habeas corpus
26 must include reference to a specific federal constitutional guarantee, as well as a statement of the
27 facts which entitle the petitioner to relief.").
28 ///

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir.2000), *amended*, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir.1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998). In Duncan, the United States Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "'opportunity to pass upon and correct alleged violations of the prisoners' federal rights" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366. The Ninth Circuit examined the rule further, stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court *unless he specifically indicated to that court that those claims were based on federal law.* See Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the *petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident*," Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. Hiivala v. Wood, 195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .
> In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons v. Crawford, 232 F.3d 666, 668-669 (9th Cir. 2000) (italics added).

In the amended petition, Petitioner raises the following claims: (1) unconstitutional sentence under the Eighth and Fourteenth Amendments; (2) counsel's failure to argue based on constitutionality of Petitioner's sentence; (3) Petitioner's sentence was not waived; (4) trial judge and prosecutor were biased in jury selection and trial judge had pre-conceived sentence; and (5) California's Three Strikes Law violates the Ex Post Facto laws.

///

///

1.     Ground One

In Claim One, Petitioner contends that his sentence is unconstitutional and cruel and unusual punishment. In support of his claim, Petitioner argues that Judge Broadman was under investigation by the judicial commission on performance during the proceedings in his trial and that the judge erred by failing to grant his Romero motion. As Respondent submits, Petitioner apparently reasons that his sentence was unconstitutional based on Judge Broadman's failure to grant the Romero motion. (Amd. Pet. at 4.)

In the original petition filed in this case, Petitioner argued that his sentence constituted cruel and unusual punishment in that it was disproportionate as applied to his offense and compared with the punishment prescribed for other offenders in California and other jurisdictions. (Court Doc. 1, Petition, at 5.) Although that claim was previously found to have been exhausted and was again raised in the June 30, 2003, petition submitted to the Tulare County Superior Court (Respondent's Lodged Item No. 2.), it is a different claim than the claim raised in the instant amended petition.³ The prior cruel and unusual punishment claim was based on the disportionality of the sentence; however, the instant claim is based on the fact that Judge Broadman was under investigation by the judicial commission and his failure to grant the Romero motion resulted in an unconstitutional sentence. The claims are distinct.

Respondent submits, and this Court agrees, that this claim is unexhausted. In reviewing the petition submitted to the California Supreme Court on March 19, 2004, the claim does not cite to either the Eighth or Fourteenth Amendment. In fact, the heading of the claim as presented to the California Supreme Court reads "Trial Judge Acted With Bad Faith And Was Biased Toward Petitioner." (See Respondent's Lodged Item No. 6, Ground 2.) Petitioner did not fairly present a federal claim to the California Supreme Court. Petitioner failed to reference any specific constitutional guarantee. "Fairly presenting" a federal claim means that "the petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is self-evident." Lyons v. Crawford, 232 F.3d 666, 668

---

³ Pursuant to Local Rule 15-220, an amended pleading supersedes any prior pleadings and must be complete in itself without reference to the prior or superseded pleading.

6

(9th Cir.2000) (quotation marks and internal citation omitted). Moreover, it is not sufficient that the federal basis be "self-evident." Id.

In his opposition, Petitioner merely contends that this Court should honor the claim because Judge Broadman's failure to strike a strike was unethical conduct which merits remand for a "fair trial." (Opposition, at 5.) Because Petitioner failed to identify a specific constitutional basis for his claim, or rely upon federal law or decisions, the claim is unexhausted and subject to dismissal.

    2.    Ground Two

Petitioner contends that trial counsel was ineffective for failing to argue that Petitioner's sentence was unconstitutional. (Amd. Pet. at 5.) Specifically, Petitioner points to the fact that counsel failed to allow him to get on the stand and failed to subpoena witnesses and law enforcement records. (Id.)

As Respondent submits, this claim is exhausted. Petitioner presented this claim to the California Supreme Court. (Respondent's Lodged Item No. 6.)[4] This claim was also presented in the original petition filed with this Court on December 11, 2002. The claim was exhausted at that time because Petitioner presented the claim to the California Supreme Court when he filed a petition for review with that court on December 21, 2001. (See Exhibit 4, attached to Respondent's motion to dismiss, Court Doc. 13.)

Because the claim has been properly presented to the California Supreme Court it is exhausted.

    3.    Ground Three

Petitioner contends that the constitutionality of his sentence was not waived based on counsel's failure to make arguments based on constitutional grounds. (Amd. Pet. at 5.) In support of his claim, Petitioner contends that he sought to remove his counsel by way of a Marsden motion, and, had he been given the opportunity to speak, it is possible that the jury of his peers would have favored a strike of his priors. (Amd. Pet. at 5.)

///

---

[4] The claim was presented as Ground 1 in the petition submitted to the California Supreme Court.

1   Respondent submits that in the petition for review filed December 21, 2001, Petitioner
2 argued the issue of the constitutionality of his sentence was not "waived by the failure of counsel
3 to make an argument on that ground . . . because counsel did not mention either the Eighth
4 Amendment or Article I, section 17 of the California Constitution." (See Exhibit 4, attached to
5 Respondent's motion to dismiss, Court Doc. 13.)  Respondent submits this is a different issue
6 than that recently presented to this Court.  Petitioner makes reference to an apparent failed
7 Marsden motion wherein he sought to dismiss his attorney.  If Petitioner meant to argue an
8 ineffective assistance of counsel claim here, it is duplicative of that raised in Ground 2, ante.  If,
9 however, Petitioner meant to argue the trial court erred in failing to grant his Marsden motion,
10 the claim has not been presented to the state's highest court and is therefore unexhausted for
11 purposes of federal habeas review.
12   In his opposition, Petitioner "argues in this instance trial counsel failed to provide a 'fair'
13 and 'adequate' representation on petitioner's behalf.  'Failure' to make arguments based on
14 constitutional grounds supports fair review under federal guid[e]lines." (Opposition, at 6.)
15 Petitioner further clarifies that counsel coerced him not to take the stand and failed to properly
16 present witnesses and evidence.
17   Based on Petitioner's representation of the claim in his opposition, it is apparent, as
18 Respondent submits, that this claim is identical to Ground Two, the ineffectiveness of counsel.
19 As such, it is DISREGARDED as duplicative of Ground Two.
20       4.      Ground Four
21   Petitioner contends that the prosecutor and trial judge were biased in jury selection
22 because both discriminated against persons of Latin or Hispanic origin, resulting in the "denial of
23 a fair and impartial hearing." (Amd. Pet. at 5.)
24   Respondent contends this claim is unexhausted.  In his opposition, Petitioner contends
25 that the prosecutor and trial judge discriminated based on race and gender. (Opposition, at 7.)
26 Petitioner argues the trial judge's conduct constituted an abuse of the judicial process resulting in
27 willful misconduct.
28 ///

Respondent's contention has merit.  In reviewing the petition for writ of habeas corpus submitted to the California Supreme Court (see Respondent's Lodged Item No. 6), Petitioner failed to reference a specific federal constitutional guarantee.[5]  It is not sufficient that the federal basis be "self-evident."  Although Petitioner alleged a "denial of [the] basic right" of "a fair and impartial jury," general appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion.  Gray v. Netherland, 518 U.S. 152, 162-163 (1996); Castillo v. McFadden, 399 F.3d 993, 999-1001 (9th Cir. 2005).  Because Petitioner failed to identify a specific constitutional basis for his claim, or rely upon federal law or decisions, his claim is unexhausted and subject to dismissal.[6]

5. Ground Five

Petitioner contends that the application of the Three Strikes law violates the prohibition against Ex Post Facto law because its application "inflicts greater punishment to that aspect of the prior felony. . ." (Amd. Pet. at 6.)

Respondent contends the claim is unexhausted.  The Court does not agree.  Reviewing the petition for writ of habeas corpus submitted to the California Supreme Court, Petitioner specifically cited in the heading that the "unconstitutional application of three strikes law activates ex post facto law violation." (see Respondent's Lodged Item No. 6.)  In support of his claim, Petitioner cited the following:

> IT AGGRAVATES THE PUNISHMENT ASPECT OF THE PRIOR BEING A PRIOR WITH NO FAIR NOTICE.  AGGRAVATE A CRIME, OR MAKES IT GREATER THAN AT VAST WHEN COMMITED. [SIC] BY DETERMINING THAT THE ASPECT OF A PRIOR CRIME, WHICH CONSTITUTES BEING A PREVIOUS CONVICTION, IS MORE SERIOUS AND REQUIRES GREATER PUNISHMENT.  CHANGES THE PUNISHMENT, AND INFLICTS GREATER PUNISHMENT TO THAT ASPECT OF THE PRIOR FELONY WHICH IS PUNISHABLE FOR BEING A PRIOR FELONY CONVICTION THEN THE LAW ANNEXED TO THE CRIME WHEN COMMITTED.

(Respondent's Lodged Item No. 6, Ground 6.)

---

[5] The claim was presented as Ground 3 in that petition.

[6] Specifically, there are several constitutional basis upon which Petitioner could have based his claim including, an equal protection or sixth amendment violation.  See Baston v. Kentucky, 476 U.S. 79 (1986); Taylor v. Louisiana, 419 U.S. 522 (1975(recognizing that "the selection of a petit jury from a representative cross section of the community is an essential component of the Sixth Amendment right to a jury trial.")

The basis of Petitioner's constitutional claim is evident in that he is raising an Ex Post Facto Clause violation. Further, the operative facts in support of his claim are sufficiently set forth in the petition as detailed above. Accordingly, the Court finds the claim was adequately presented to the California Supreme Court and therefore exhausted for purposes of federal habeas corpus review.

## CONCLUSION AND RECOMMENDATION

In sum, only Grounds Two and Five are exhausted; Grounds One, Three and Four are unexhausted. The amended petition for writ of habeas corpus currently before this Court is a mixed petition containing exhausted and unexhausted claims. The Court must dismiss such a petition without prejudice to give Petitioner an opportunity to exhaust the claim if he can do so. See Pliler v. Ford, 121 S.Ct. 2441, 2444 (2004); Rose, 455 U.S. at 521-22.

However, Petitioner should be provided with an opportunity to withdraw the unexhausted claims as an alternative to dismissal. Smith v. Ratelle, 323 F.3d 813, 816-819 (9th Cir.2003); Anthony v. Cambra, 236 F.3d 568, 574 (9th Cir.2000) ("district courts must provide habeas litigants with the opportunity to amend their mixed petitions by striking unexhausted claims as an alternative to suffering dismissal").

Although the Court may stay a mixed petition, to allow the Petitioner to return to state court to exhaust the unexhausted claims, as Respondent submits, it is not appropriate in this instance. In Rhines v. Weber, 125 S.Ct. 1528 (2005), the Supreme Court held that a district court has discretion to stay a mixed petition to allow a petitioner to present his unexhausted claims to the state court in the first instance and then to return to federal court for review of his perfected petition.

Nevertheless, stay and abeyance is available only in limited circumstances, because the procedure frustrates AEDPA's[7] objective of encouraging finality by allowing a petitioner to delay the resolution of federal proceedings and undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition. Id. The Supreme Court held that a stay and abeyance is "only

---

[7] AEDPA refers to the Antiterrorism and Effective Death Penalty Act of 1996.

appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." Id.

Petitioner was previously granted a stay of the petition and returned to state court to exhaust the unexhausted claims. (Court Doc. 18.) Petitioner was forewarned that he was to limit his return to this Court to the claims previously identified as unexhausted. (Court Doc. 18, at 3.) In his opposition, Petitioner argues "unlike respondents claim that petitioner should not be given a 'second stay' in order to seek a second bit at the appellate appeal. Petitioner again humbly appeals to this court for 'fair' first original bite." (Opposition, at 2-3.)

Petitioner has had his chance to exhaust the claims raised in the amended petition, and Petitioner fails to demonstrate good cause for his failure to do so. Further, the previous grant of a stay and Petitioner's second attempt to raise unexhausted claims, provides an indication that he is engaging in "dilatory litigation tactics." Rhines v. Weber, at 1535. Staying the case at this juncture in order to allow Petitioner to pursue a third round of review in the state courts frustrates AEDPA's objective of encouraging finality and undermines AEDPA's objective of streamlining federal habeas proceedings. Id. at 1534. Accordingly, to the extent a request for a stay is being requested by Petitioner, it is denied. The Court will however, as it must, grant Petitioner the opportunity to delete the unexhausted claims and proceed with the exhausted claims if dismissal of the entire petition would unreasonably impair his right to obtain federal relief. Rhines v. Weber, 125 S.Ct. at 1535.

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss be GRANTED;
2. The petition for writ of habeas corpus be DISMISSED as a mixed petition; and
3. Petitioner be GRANTED leave to file a second amended petition deleting the unexhausted claims or a motion requesting that the Court strike the unexhausted claims as an alternative to suffering dismissal.

These Findings and Recommendations are submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written

1  objections with the court and serve a copy on all parties.  Such a document should be captioned
2  "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the objections
3  shall be served and filed within ten (10) court days (plus three days if served by mail) after
4  service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to
5  28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the
6  specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951
7  F.2d 1153 (9th Cir. 1991).

10       IT IS SO ORDERED.

11  **Dated:    September 7, 2005**                    **/s/ Sandra M. Snyder**
    icido3                                         UNITED STATES MAGISTRATE JUDGE