1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

7
8
9
10
11
12
13
14

ANDRE BAIZA,

             Petitioner,

    v.

GEORGE GALAZA,

             Respondents.
_____/

CV F   02-6552 OWW SMS HC

ORDER REGARDING PETITIONER'S
DOCUMENT ENTITLED "SECOND
AMENDED PETITION"

[Doc. 42]

15
16
17
18
19
20
21
22
23
24
25
26
27
28

      Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus
pursuant to 28 U.S.C. § 2254.

      On December 11, 2002, Petitioner filed the instant federal petition for writ of habeas
corpus.

      On April 18, 2003, Respondent filed a motion to dismiss the petition based on
Petitioner's failure to exhaust his state court remedies.  Petitioner did not file an opposition.

      On June 30, 2003, Petitioner filed a petition for writ of habeas corpus in the Tulare
County Superior Court.  The petition was denied on July 10, 2003.  (Respondent's Motion to
Dismiss, filed July 21, 2005, Lodged Item No. 2.)

      On July 18, 2003, Petitioner filed a request to withdraw the unexhausted claims and
indicated that he was in the process of exhausting the claims in the state court.  (Court Doc. 17.)

      On July 31, 2003, the Court granted Petitioner's request to withdraw the unexhausted
claims and granted Petitioner's request to hold the petition in abeyance pending exhaustion at the

1

1   state court level.

2       On October 24, 2003, Petitioner filed a second petition for writ of habeas corpus in the

3   Tulare County Superior Court.  The petition was denied on October 27, 2003.  (Respondent's

4   Lodged Item No. 3.)

5       On November 14, 2003, Petitioner filed a third petition for writ of habeas corpus in the

6   Tulare County Superior Court.  The petition was denied on November 18, 2003.  (Respondent's

7   Lodged Item No. 4.)

8       On January 13, 2004, Petitioner filed a petition for writ of habeas corpus with the

9   California Court of Appeal, Fifth Appellate District.  The petition was denied on January 29,

10  2004.  (Respondent's Lodged Item No. 5.)

11      On March 19, 2004, Petitioner filed a petition for writ of habeas corpus with the

12  California Supreme Court.  The court denied the petition on February 2, 2005.  (Respondent's

13  Lodged Item No. 6.)

14       On May 12, 2005, the Court issued an order lifting the stay and directed Petitioner to file

15  an amended petition.  Petitioner filed an amended petition on June 14, 2005.  On June 17, 2005,

16  the Court directed Respondent to file a response to the amended petition.

17      On July 21, 2005, Respondent filed a motion to dismiss the amended petition arguing

18  again that it is a mixed petition containing both exhausted and unexhausted claims.  Petitioner

19  filed an opposition on August 16, 2005.

20      On September 8, 2005, the Court issued Findings and Recommendations recommending

21  that Respondent's motion to dismiss be granted.  The Court further recommended that Petitioner

22  be given the opportunity to withdraw the unexhausted claims prior to suffering dismissal of the

23  entire action.

24      On October 7, 2005, Petitioner filed a document entitled "SECOND AMENDED

25  PETITION."   Petitioner states that if deleting the unexhausted claims will not hurt his chance of

26  one day having the unexhausted claims reviewed, he will withdraw the unexhausted claims.

27      Petitioner is advised the Court can dismiss the entire petition so that Petitioner can return

28  to the state court to exhaust the remainder of his claims before filing a new federal petition.  Rose

2

1  v. Lundy, 455 U.S. 509, 520 (1982); Guizar v. Estelle, 843 F.2d 371, 372 (9th Cir. 1988). This

2  dismissal will not bar Petitioner from returning to federal court after exhausting available state

3  remedies. See Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995). However, this

4  does not mean that Petitioner will not be subject to the one-year statute of limitations imposed by

5  Title 28 U.S.C. section 2244(d). Although the limitations period tolls while a properly filed

6  request for collateral review is pending in state court, 28 U.S.C. § 2244(d)(2), it does not toll for

7  the time an application is pending in federal court. Duncan v. Walker, 121 S.Ct. 2120, 531 U.S.

8  991 (2001).

9      With this information in mind, Petitioner has either the option of withdrawing only the

10  unexhausted claims and proceeding with the exhausted claims or dismissing the entire action.[1]

11  Petitioner is advised that the Court cannot, and will not, advise Petitioner as to which option to

12  choose. Within **twenty (20)** days from the date of service of this order, Petitioner shall

13  specifically inform the Court of his intent. Failure to respond to this Court's order will result in

14  the Findings and Recommendations of September 8, 2005, being submitted to the Honorable

15  Oliver W. Wanger for dismissal of the entire action without further opportunity to withdraw the

16  unexhausted claims.

17  IT IS SO ORDERED.

18  **Dated:    October 27, 2005**                    **/s/ Sandra M. Snyder**
    icido3                                           UNITED STATES MAGISTRATE JUDGE
19

20

21

22

23

24

25

26  [1] The Court notes that, as stated in the Findings and Recommendations of September 8, 2005, Petitioner
    was previously granted a stay of the petition and returned to state court to exhaust the unexhausted claims and any
27  further stay of the case to allow Petitioner to pursue a third round of review in the state courts frustrates AEDPA's
    objective of encouraging finality and undermines ADEPA's objective of streamlining federal habeas proceedings.
28  Rhines v. Weber, 125 S.Ct. 1528, 1534 (2005). Thus, no further stay of the proceedings will be entertained in this
    action.