# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRE BAIZA, | CV F   02-6552 OWW SMS HC |
| Petitioner, | ORDER DENYING PETITIONER'S REQUEST FOR STAY AND GRANTING PETITIONER FIFTEEN DAYS TO INFORM THE COURT OF HIS INTENT ON HOW TO PROCEED |
| v. | |
| GEORGE GALAZA, | [Doc. 44] |
| Respondents. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

PROCEDURAL HISTORY

Petitioner filed the instant federal petition for writ of habeas corpus on December 11, 2002.

On April 18, 2003, Respondent filed a motion to dismiss the petition based on Petitioner's failure to exhaust his state court remedies. Petitioner did not file an opposition.

On June 30, 2003, Petitioner filed a petition for writ of habeas corpus in the Tulare County Superior Court. The petition was denied on July 10, 2003. (Respondent's Motion to Dismiss, filed July 21, 2005, Lodged Item No. 2.)

On July 18, 2003, Petitioner filed a request to withdraw the unexhausted claims and indicated that he was in the process of exhausting the claims in the state court. (Court Doc. 17.)

On July 31, 2003, the Court granted Petitioner's request to withdraw the unexhausted

claims and granted Petitioner's request to hold the petition in abeyance pending exhaustion at the state court level.

On October 24, 2003, Petitioner filed a second petition for writ of habeas corpus in the Tulare County Superior Court. The petition was denied on October 27, 2003. (Respondent's Lodged Item No. 3.)

On November 14, 2003, Petitioner filed a third petition for writ of habeas corpus in the Tulare County Superior Court. The petition was denied on November 18, 2003. (Respondent's Lodged Item No. 4.)

On January 13, 2004, Petitioner filed a petition for writ of habeas corpus with the California Court of Appeal, Fifth Appellate District. The petition was denied on January 29, 2004. (Respondent's Lodged Item No. 5.)

On March 19, 2004, Petitioner filed a petition for writ of habeas corpus with the California Supreme Court. The court denied the petition on February 2, 2005. (Respondent's Lodged Item No. 6.)

On May 12, 2005, the Court issued an order lifting the stay and directed Petitioner to file an amended petition. Petitioner filed an amended petition on June 14, 2005. On June 17, 2005, the Court directed Respondent to file a response to the amended petition.

On July 21, 2005, Respondent filed a motion to dismiss the amended petition arguing again that it is a mixed petition containing both exhausted and unexhausted claims. Petitioner filed an opposition on August 16, 2005.

On September 8, 2005, the undersigned filed Findings and Recommendations that Respondent's motion to dismiss be granted; the Petition for Writ of Habeas Corpus be dismissed as a mixed petition; and, that Petitioner be granted leave to file a second amended petition deleting the unexhausted claims or a motion requesting that the Court strike the unexhausted claims as an alternative to suffering dismissal. On October 7, 2005, Petitioner filed a document entitled "Second Amended Petition." There, Petitioner stated that if deleting the unexhausted claims would not hurt his chance of one day having the unexhausted claims reviewed, he would withdraw the unexhausted claims. In response to Petitioner's filing, on October 28, 2005, the

court issued an order requiring Petitioner to specifically inform the Court of his intent to either withdraw only the unexhausted claims and proceed with the exhausted claims or dismiss the entire action, within twenty (20) days from the date of service of that order. The Court further advised that the failure to respond would result in the Findings and Recommendations of September 8, 2005, being submitted to the District Judge for dismissal of the entire action without further opportunity to withdraw the unexhausted claims. On December 9, 2005, Petitioner filed a second motion to stay the petition pending exhaustion in state court.

## DISCUSSION

In his second motion for a stay, Petitioner indicates that he is requesting a stay to thoroughly address his claims for relief at the Supreme Court. Petitioner states, "I've only desired to comply with courts orders at the same time bring forth all my 'claims' and 'grounds' for relief at Federal Level all at the same time." (Motion, at 1.)

In <u>Rhines v. Weber</u>, 125 S.Ct. 1528 (2005), the Supreme Court held that a district court has discretion to stay a mixed petition to allow a petitioner to present his unexhausted claims to the state court in the first instance and then to return to federal court for review of his perfected petition.

Nevertheless, stay and abeyance is available only in limited circumstances, because the procedure frustrates AEDPA's[1] objective of encouraging finality by allowing a petitioner to delay the resolution of federal proceedings and undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition. <u>Id</u>. The Supreme Court held that a stay and abeyance is "only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." <u>Id</u>.

First, Petitioner has failed to demonstrate "good cause" for failing to exhaust the unexhausted claims during his first return to state court. Second, as Petitioner was advised in the Findings and Recommendations of September 8, 2005, Petitioner was previously granted a stay of the petition and returned to state court to exhaust the unexhausted claims and any further

---

[1] AEDPA refers to the Antiterrorism and Effective Death Penalty Act of 1996.

3

stay of the case to allow Petitioner to pursue a third round of review in the state courts frustrates AEDPA's objective of encouraging finality and undermines ADEPA's objective of streamlining federal habeas proceedings.  <u>Rhines v. Weber</u>, 125 S.Ct. 1528, 1534 (2005).  Therefore, Petitioner's motion for a further stay of the proceeding must be DENIED.  The Court will grant Petitioner one final opportunity to either withdraw the unexhausted claims or dismiss the entire petition pursuant to this Court's previous orders.

ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1. Petitioner's motion for a stay is DENIED; and

2. Within **fifteen (15)** days from the date of service of this order, Petitioner must inform this Court of his intent to either withdraw the unexhausted claims or dismiss the entire petition, without prejudice; and

3. The failure to respond to this Court's order will result in the submission of the Court's September 8, 2005, Findings and Recommendations being submitted to the Honorable Oliver W. Wanger for dismissal of the entire action.

IT IS SO ORDERED.

**Dated:   December 21, 2005**            **/s/ Sandra M. Snyder**
icido3                              UNITED STATES MAGISTRATE JUDGE