# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRE BAIZA, | CV F   02-6552 OWW SMS HC |
| Petitioner, | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS DISMISSING ACTION, WITHOUT PREJUDICE, FOR FAILURE TO EXHAUST STATE COURT REMEDIES |
| v. | |
| GEORGE GALAZA, | [Doc. 41] |
| Respondents. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

PROCEDURAL HISTORY

Petitioner filed the instant federal petition for writ of habeas corpus on December 11, 2002.

On April 18, 2003, Respondent filed a motion to dismiss the petition based on Petitioner's failure to exhaust his state court remedies. Petitioner did not file an opposition.

On June 30, 2003, Petitioner filed a petition for writ of habeas corpus in the Tulare County Superior Court. The petition was denied on July 10, 2003. (Respondent's Motion to Dismiss, filed July 21, 2005, Lodged Item No. 2.)

On July 18, 2003, Petitioner filed a request to withdraw the unexhausted claims and indicated that he was in the process of exhausting the claims in the state court. (Court Doc. 17.)

On July 31, 2003, the Court granted Petitioner's request to withdraw the unexhausted

claims and granted Petitioner's request to hold the petition in abeyance pending exhaustion at the state court level.

On October 24, 2003, Petitioner filed a second petition for writ of habeas corpus in the Tulare County Superior Court. The petition was denied on October 27, 2003. (Respondent's Lodged Item No. 3.)

On November 14, 2003, Petitioner filed a third petition for writ of habeas corpus in the Tulare County Superior Court. The petition was denied on November 18, 2003. (Respondent's Lodged Item No. 4.)

On January 13, 2004, Petitioner filed a petition for writ of habeas corpus with the California Court of Appeal, Fifth Appellate District. The petition was denied on January 29, 2004. (Respondent's Lodged Item No. 5.)

On March 19, 2004, Petitioner filed a petition for writ of habeas corpus with the California Supreme Court. The court denied the petition on February 2, 2005. (Respondent's Lodged Item No. 6.)

On May 12, 2005, the Court issued an order lifting the stay and directed Petitioner to file an amended petition. Petitioner filed an amended petition on June 14, 2005. On June 17, 2005, the Court directed Respondent to file a response to the amended petition.

On July 21, 2005, Respondent filed a motion to dismiss the amended petition arguing again that it is a mixed petition containing both exhausted and unexhausted claims. Petitioner filed an opposition on August 16, 2005.

On September 8, 2005, the undersigned filed Findings and Recommendations that Respondent's motion to dismiss be granted; the Petition for Writ of Habeas Corpus be dismissed as a mixed petition; and, that Petitioner be granted leave to file a second amended petition deleting the unexhausted claims or a motion requesting that the Court strike the unexhausted claims as an alternative to suffering dismissal. On October 7, 2005, Petitioner filed a document entitled "Second Amended Petition." There, Petitioner stated that if deleting the unexhausted claims would not hurt his chance of one day having the unexhausted claims reviewed, he would withdraw the unexhausted claims. In response to Petitioner's filing, on October 28, 2005, the

1 Court issued an order requiring Petitioner to specifically inform the Court of his intent to either
2 withdraw only the unexhausted claims and proceed with the exhausted claims or dismiss the
3 entire action, within twenty (20) days from the date of service of that order.  The Court further
4 advised that the failure to respond would result in the Findings and Recommendations of
5 September 8, 2005, being submitted to the District Judge for dismissal of the entire action
6 without further opportunity to withdraw the unexhausted claims.  On December 9, 2005,
7 Petitioner filed a second motion to stay the petition pending exhaustion in state court.  On
8 December 21, 2005, the Court denied Petitioner's second request to stay the petition.[1]

9       On February 2, 2006, Petitioner filed a motion to withdraw the petition.  As Petitioner has
10 previously done in this case, he requests that the action be dismissed if it will not hurt his chance
11 of returning to federal court. (Court Doc. 49.)  The Court has adequately advised Petitioner of
12 the two options available to him, and the Court cannot and will not give Petitioner legal advise as
13 to which option he should choose.[2]  Not only has the Court given Petitioner the opportunity to
14 return to state court to exhaust his unexhausted claims (which he did not do), the Court has
15 granted Petitioner the opportunity to either dismiss only the unexhausted claims as an alternative
16 to dismissing the entire petition.  In light of this Court's previous orders specifically informing
17 Petitioner of his two options, the Court finds that Petitioner has affirmatively and knowingly
18 chosen to dismiss the entire petition, without prejudice.  In light of the record in this case no
19 further clarification from Petitioner is warranted.

ORDER

20     Based on the foregoing, it is HEREBY ORDERED that:

21 1.    The Findings and Recommendations of September 8, 2005, is ADOPTED in full;
22     and

---

[1] On December 22, 2005, a day after the Court issued the order, Petitioner filed a notice of change of address.  Therefore, on January 6, 2006, the Court re-served the December 21, 2005 order on Petitioner at his new address of record.

[2] In Pliler v. Ford, 542 U.S. 225, 124 S.Ct. 2441 (2004), the Supreme Court held that a district court is not required to warn a pro se litigant that it could not consider a motion to stay a mixed petition unless the petitioner amends the petition and dismisses unexhausted claims and advise that the claims will be time barred under, 28 U.S.C. § 2254(d), upon return to federal court if the petitioner dismisses the petition.  Pliler, 542 U.S. at 231.

2. The instant petition for writ of habeas corpus is DISMISSED, without prejudice, for failure to exhaust the state court remedies.

IT IS SO ORDERED.

**Dated:   March 13, 2006**                              /s/ Oliver W. Wanger
emm0d6                                                         UNITED STATES DISTRICT JUDGE